# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JOHNNY MILES, individually, and as Personal Representative of the Estate of Abdul Jabar Furcron, deceased.<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HAZELHURST, GA., et al.<br><br>    Defendants. | 2:22-CV-30 |

### ORDER

This civil rights action is a near carbon-copy of the one filed last year by the same Plaintiff, Johnny Miles, involving the same Defendants. Compare Dkt. No. 1-1 with Case No. 221-cv-132 (S.D. Ga.), Dkt. No. 11 (amended complaint).

In the earlier action, Defendants filed motions to dismiss arguing, among other things, that Miles's state law claims are barred because they were not "brought in the state or superior court of the county in which the local government entity[, here the City of Hazelhurst,] resides." Case No. 221-cv-132, Dkt. No. 19 at 18-19 (quoting O.C.G.A. § 36-92-4(g)); see also Case No. 221-cv-132, Dkt. No. 16 at 20-21 (invoking a related provision, O.C.G.A. § 36-92-2(b), which explains that "[t]he sovereign

immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived . . . only with respect to actions brought in the courts of [Georgia].").

In response, Miles filed *this* action in state court, alleging precisely the same claims as the original suit. Dkt. No. 17 at 2. Defendants removed the state court action to federal court, dkt. no. 1, and the case was transferred to the Brunswick division, dkt. no. 10.

Defendant Stan Livingston filed a motion to consolidate, dkt. no. 7, and, after the other Defendants filed motions to dismiss, Miles moved to consolidate as well, dkt. no. 17.

Rule 42(a) gives the Court discretion to consolidate actions "involv[ing ] common question[s] of law or fact[.]" Fed. R. Civ. P. 42(a); Young v. City of Augusta, Ga., 59 F.3d 1160, 1168 (11th Cir. 1995). The Eleventh Circuit has encouraged district judges to "make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting Dupont v. S. Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966)). Here, everyone agrees that the law, facts, and parties in these cases are identical. See Dkt. Nos. 7 at 5-6, 17 at 2-3, 21 at 3. Thus, allowing these cases to proceed separately poses an obvious

"risk of inconsistent adjudications of common factual and legal issues" and "[unnecessary] burden[s] on parties, witnesses, and [ ] judicial resources[.]" Hendrix, 776 F.2d at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)). On the other side of the ledger, no party has pointed to any "specific risks of prejudice [or] possible confusion" that would follow from consolidation, let alone shown why any such risks are not "overborne" by the ills of duplicative litigation. Id. (quoting Arnold, 681 F.2d at 193). There is therefore good cause to consolidate these cases.

For their part, Defendants City of Hazelhurst, Phillip A. Bennett, and Jose Guadalupe Zamora "do not object to consolidation generally," but they "request that the Court defer [a] ruling on [the] motion[s] to consolidate until [the court] has ruled on all pending dispositive motions." Dkt. No. 21 at 4. "This," they suggest, "will ensure [that] the parties are not subject to the burden and cost of preparing and refiling additional responsive pleadings and dispositive motions." Id.

But consolidating these cases does not require any pleadings or briefs to be re-filed. The parties agree the pleadings and briefs are essentially identical, save the omission of arguments related to filing the action in state (rather than federal) court in *this* case. See, e.g., Dkt. No. 23 at 2 n.1 (identifying that

3

distinction). Thus, there is no reason that the pleadings and briefs in this case (222-cv-030) do not suffice.

The motions to consolidate, dkt. nos. 7, 17, are therefore **GRANTED**. The clerk is **DIRECTED** to **consolidate** case number 221-cv-132 with this action, 222-cv-030, and **CLOSE** 221-cv-132. The motions to dismiss currently pending under 222-cv-030 will be resolved in due course. Should any party wish to amend their pleadings they must do so under Rule 15(a)(2).

**SO ORDERED** this 28th day of July, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA